IN THE MATTER OF THE ESTATE OF REAVE TURNER
COLEMAN, DECEASED.

Superior Court of New Jersey
Appellate Division

Argued December 5, 1955—Decided December 12, 1955.

Before Judges CLAPP, JAYNE and FRANCIS.

*Mr. David Cohn* argued the cause for appellant Alonzo Coleman (*Mr. George K. Reidy* on the brief).

*Mr. Archibald Kreiger* argued the cause for respondent Matilda James, administratrix (*Messrs. Bornstein, Kohlreiter & Rubinson*, attorneys).

The opinion of the court was delivered by

CLAPP, S. J. A. D.   This is an appeal from an order of the Passaic County Court, Probate Division, entered in a proceeding brought to set aside a judgment of the Passaic County Surrogate.  The surrogate in his judgment had directed the issuance of letters of general administration on the estate of Reave Turner Coleman to Matilda James, the sister of Coleman's wife who had predeceased him.

Coleman died intestate September 20, 1954, a resident of Passaic County.  His sole next of kin are his two infant daughters who are now living in Virginia with their maternal grandfather and grandmother.  By order of a Virginia court, the grandfather has been appointed guardian for the children under a bond of $20,000.  He, as guardian, renounced his claim to administration on Coleman's estate and requested the surrogate to appoint his daughter, Matilda James, also of Passaic County, the administratrix.  Accordingly on February 1, 1955, pursuant to a complaint filed by her that day, the surrogate appointed her to the office under a bond of $4,500.  It may be observed parenthetically that more than 40 days had elapsed after Coleman's death. *N. J. S.* 3A:6–4; *Simoni v. D'Ippolito*, 8 *N. J.* 271, 278 (1951).

Thereafter the decedent's brother, Alonzo (or is it Alonza?) Coleman, gave notice of a motion returnable before the County Court for an order requiring Miss James and others to show cause why the judgment granting administration to her should not be set aside and letters of administration issued to him instead. *R. R.* 5:3–4(*a*). The rule, by requiring notice of such a motion, furnishes the administrator with an opportunity to point out to the court, before the order to show cause issues, that the moving party is not a person in interest. The County Court held in a letter opinion that an order to show cause should not issue. Apparently through inadvertence, the order entered on this opinion (the order appealed from), after stating that an order to show cause was issued, then orders that it be "denied."

Alonzo Coleman now appeals to us. He does not share in the decedent's personalty (or indeed in his realty). Respondent's principal point is that appellant is not a person aggrieved, as that term is used in *R. R.* 5:3–4(*a*); for he has no interest which has been in any way prejudicially affected by the surrogate's judgment and therefore has not the standing which would entitle him to move before the County Court to set the judgment aside. We agree. *Cf. In re Lent,* 142 *N. J. Eq.* 21, 22 (*E. & A.* 1948); *In re Van Winkle,* 3 *N. J.* 348, 361 (1950). Further see *In re Stewart's Estate,* 117 *N. J. Eq.* 256 (*Prerog.* 1934). For the same reason he has not the standing which would enable him to take an appeal to this court. *In re Atlantic City,* 3 *N. J. Super.* 62 (*App. Div.* 1949).

It might be observed that the appellant seems primarily concerned with the real estate of the decedent located in Paterson, New Jersey, which was the decedent's principal asset. Under the law of New Jersey, Miss James as administratrix has no interest in it, nor has she any right as administratrix to collect or receive the rents.

Appeal dismissed.